IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RADIANCE CAPITAL RECEIVABLES TWELVE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV. ACT. NO. 1:13-cv-238-TFM-C |
| JOHN F. CAMPBELL, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Radiance Capital Receivables Twelve, LLC's Motion to Revive Judgment (Doc. 63), supported by affidavits (Docs. 79, 80), in which Plaintiff seeks to revive a judgment entered on September 9, 2013, against Defendant John F. Campbell in the amount of $317,135.00 (Doc. 19). According to the motion and affidavits, Plaintiff has not collected any monies from the Defendant or third parties toward the judgment and the judgment remains unsatisfied.

Alabama Code § 6-9-190 allows a judgment to be revived within 20 years from the entry of the judgment. Alabama Code §6-9-191 presumes a judgment is satisfied if 10 years have lapsed since judgment or the latest execution, stating as follows:

> If 10 years have elapsed from the entry of the judgment without issue of execution or if 10 years have elapsed since the date of the last execution issued, the judgment must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff.

Plaintiff filed its motion and affidavits to revive prior to the expiration of the ten-year period. While the motion was pending, the ten-year revival period lapsed. On July 31, 2023, the

Court held a telephone conference with the parties during which it ordered Defendant to file a response to the motion on or before August 11, 2023. Doc. 78. Rather than file a response, Defendant filed a suggestion of bankruptcy on August 11, 2023. Docs. 82, 83. This matter, including the pending motion to revive judgment, was stayed as a result of the Defendant's pending bankruptcy matter. *See* Doc. 91. On January 5, 2024, Radiance Capital filed a Motion to Lift Stay to Revive the Judgment. Doc. 95. Attached to the motion was an order from the bankruptcy court authorizing the lift of the bankruptcy stay "for the limited purpose of completing a revival of its judgment." Doc. 95-1. Accordingly, on January 5, 2024, this Court granted the motion and again ordered Defendant to file a response on or before January 22, 2024. Doc. 96. Defendant still has not filed a response. On February 21, 2024, this Court entered a text order granting Plaintiff's motion to revive the judgment, with written opinion to follow. Doc. 97. This is that written opinion.

     No Alabama case addresses whether the filing of the motion to revive a judgment prior to the expiration of the ten-year revival period suspends the running of the statute of limitations if the court does not rule on the motion within the ten-year period. Other state courts which have addressed this issue have held that an order of revival is valid where the culmination of proceedings is brought within the period of limitation. *See e.g. Mouton v. Watson*, 500 So. 2d 792, 793 (La. App. 1st Cir. 1986) (judgment was not prescribed where revival action was filed within prescription period despite order reviving judgment signed after lapse of prescription period); *Kelly v. City of Cape Girardeau*, 89 S.W.2d 693 (Mo. App. 1936) (statute creating presumption of payment of judgment after ten years not only serves to extend time for issuance of execution, but also permits extension of vitality of judgment by bringing of action thereon short of accrual of limitation); *Crye v. Edwards*, 873 P.2d 665, 667 (Ariz. App. 1st Div. 1993) (evidence established

that creditor was engaged in effort to renew judgment prior to lapse).

This Court finds that Plaintiff commenced the revival proceedings within the ten-year period of limitation, and a ruling on same was continued over, after the expiration of the prescriptive period, without fault of the judgment creditor because of the mandatory automatic stay. Thus the motion is timely, and there is no presumption of satisfaction of the judgment such that the judgment may be revived. The Defendant has put forth no evidence, by affidavit or otherwise, showing that the judgment has been satisfied.

Accordingly, the Motion to Revive Judgment (Doc. 63) is **GRANTED**, and it is **ORDERED, ADJUDGED,** and **DECREED** that the judgment entered September 9, 2013, in favor of Plaintiff and against the Defendant in the amount of $317,135.00, is hereby **REVIVED**.

**DONE** and **ORDERED** this the 1st day of April 2024.

                                              s/Terry F. Moorer
                                              TERRY F. MOORER
                                              UNITED STATES DISTRICT JUDGE